UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIARA POPE,

                Plaintiff,        Case No. 19-cv-10895

v.                                  Paul D. Borman
                                  United States District Judge
EVEREST NATIONAL LIFE
INSURANCE COMPANY,

                Defendant.
_____/

## **OPINION AND ORDER DENYING PLAINTIFF TIARA POPE'S MOTION TO REMAND CASE (ECF #3)**

### I.    FACTS

Before the Court is Plaintiff Tiara Pope's Motion for Remand. (ECF #3.) Plaintiff takes the position that remand is proper because Defendant Everest National Insurance Company ("Everest") did not file its Notice of Removal (ECF #1) within 30 days of service of process, as required by 28 U.S.C. § 1446(b)(1). (Pl.'s Mot., ECF #3, PgID 156.) Defendant contends that its Notice was timely because it removed the case within 30 days of learning that removal was proper via a medical bill that Plaintiff produced in response to Everest's request for production of documents, relying on the exception to 28 U.S.C. § 1446(b)(1) stated in 28 U.S.C. § 1446(b)(3). (Def.'s Resp., ECF #5, PgID 165.)

1

On or around September 26, 2018, Plaintiff Tiara Pope filed a Complaint in the Washtenaw County Circuit Court seeking benefits under the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101, *et seq.* (Def.'s Resp., Ex. A, Compl., ECF #5-2, PgID 173, 175.) Plaintiff stated that she was involved in a motor vehicle accident on April 23, 2018. (*Id.* at ¶9, PgID 176.) Plaintiff claimed that she is entitled to payment under the terms of an auto insurance policy issued by Everest for "medical treatment and devices, attendant care, wage loss, replacement services, and/or other allowable expenses" resulting from the accident. (*Id.*) It is not disputed that Plaintiff is a citizen of Michigan and Everest is a citizen of New Jersey. (*See* Pl.'s Mot. for Remand, ECF #3.) The Complaint alleged an amount in controversy exceeding the sum of $25,000.00, excluding interest, costs, and attorney fees. (*Id.* at ¶5, PgID 175.) Everest argues that it was unclear at that point if the matter was removable, as the amount in controversy required for federal jurisdiction based on diversity of citizenship is an amount exceeding $75,000.00. (Def.'s Resp., ECF #5, PgID 164.) 28 U.S.C. § 1332(a).

Plaintiff's Response to Everest's First Request for Admissions, served by mail on March 6, 2019, did not clarify the issue. (Def.'s Resp., ECF #5-3, Ex. B, PgID 183-84.) "Request to Admit 1" stated "Please admit that your damages do not exceed $75,000.00." (*Id.*) Plaintiff responded, "Neither admit nor deny at this time. Discovery and treatment are ongoing." (*Id.*) On March 6, 2019, Plaintiff also mailed

2

her Response to Everest's First Request for Production of Documents. Plaintiff therein produced a medical bill from Beaumont Hospital ("Beaumont") stating that she owed a balance of $188,656.65 for treatment as of the day of the motor vehicle accident, April 23, 2018. (Def.'s Resp., ECF #5-4, Ex. C, PgID 186.)

On March 27, 2019, Defendant filed the Notice of Removal based on the amount of the Beaumont bill. (ECF #1.) On April 12, 2019, Plaintiff filed the instant Motion to Remand (ECF #3), and Everest responded on April 26, 2019 (ECF #5). Plaintiff did not file a reply. Pursuant to Local Rule 7.2(f)(2), the Court concludes that a hearing is not required and will make a determination on the motion papers.

## II. STANDARD

According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between (1) citizens of different States."

28 U.S.C. § 1446(b)(1) states that "[t]he notice of removal of a civil action ... shall be filed within 30 days after the receipt by the defendant...of a copy of the initial pleading setting forth the claim for relief upon which such action...is based."

28 U.S.C. § 1446(b)(3) raises an exception to this rule: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant...of...other paper from which it may first be ascertained that the case is one which is or has become removable."

"[The Sixth Circuit] places a burden on a defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). Further, "[t]he amount in controversy should be considered 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *McGhee v. Citimortgage, Inc.*, 834 F. Supp. 2d 708, 711 (E.D. Mich. 2011) (quoting *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007)). When a complaint does not plead a specific amount in controversy in excess of the jurisdictional amount required under 28 U.S.C. § 1332, "the removing defendant must (1) allege in the notice of removal that the amount in controversy exceeds the required jurisdictional amount, and (2) set forth the facts or other reasons that the removing defendant possesses that support that allegation." E.D. Mich. LR 81.1(b).

# III. ANALYSIS

Everest contends that Section 1446(b)(3)'s exception to the 30-day time limit applies to salvage the at-issue Notice of Removal. Removal beyond the initial 30 days following service of process is allowed by Section 1446(b)(3), which states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

"Responses to discovery" are included in the definition of "other paper," which may inform a defendant of the amount in controversy and, further, that a case is removable, as per Section 1446(c)(3)(A):

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

28 U.S.C. § 1446(c)(3)(A).

On its face, the Complaint did not state sufficiently detailed allegations of Plaintiff's injuries or the scope of her treatment to provide Everest with persuasive grounds to remove on the basis that Plaintiff's damages exceeded $75,000.00, and

the correct course of action following Service of Summons and the Complaint was to proceed with discovery:

> No purpose is served by requiring the defendant...to speculate as to the amount in controversy when that amount can be ascertained from the plaintiff within a reasonable time through normal discovery procedures. If the amount does not appear upon filing of the original complaint, the thirty-day period commences to run anew upon the receipt by the defendant of some subsequently filed...other paper from which the defendant can first ascertain the case is removable.

*Inovision Software Sols., Inc. v. Sponseller Grp., Inc.,* No. 15-10390, 2015 WL 3932542, at *4 (E.D. Mich. June 26, 2015) (quoting *Storball v. Atl. Recording Corp.*, 989 F. Supp. 845, 847 (E.D.Mich. 1997) (Gadola, J.)).

Receiving the Beaumont bill through discovery, as anticipated by Sections 1446(b)(3) and 1446(c)(3)(A), enabled Everest to carry its burden that the amount in controversy had been met for purposes for diversity jurisdiction. Plaintiff challenges only the timeliness of the Notice of Removal and has not disputed diversity of citizenship. The Beaumont bill produced on March 6, 2019 in response to Everest's First Request for Production of Documents falls squarely under the definition of "other paper" for purposes of Sections 1446(b)(3) and 1446(c)(3)(A). The amount of the bill, $188,656.65, well exceeds the jurisdictional minimum required by Section 1332(a). On March 27, 2019, Defendant filed the Notice of Removal based on the amount of the Beaumont bill, doing so less than 30 days after learning from Plaintiff's discovery responses that the amount in controversy

requirement for diversity jurisdiction had been met. Therefore, the Court finds that Everest timely filed its Notice of Removal under Section 1446(b)(3).

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion for Remand.

IT IS SO ORDERED.


Dated: June 5, 2019  　　　　　　　　　　　s/Paul D. Borman  
　　　　　　　　　　　　　　　　　　　　Paul D. Borman  
　　　　　　　　　　　　　　　　　　　　United States District Judge